UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21385-CMA

YANLI GONG, Individually and as
Personal Representative for the Estate of
Hyon Duk Shin, deceased, and as Parent
And Natural Guardian of M.S. and C.S.
(minors), and KWANG SHIN, Individually

    Plaintiffs,

v.

NCL (BAHAMAS), LTD., a Bermuda Corporation
d/b/a NORWEGIAN CRUISE LINES (NCL),

    Defendant.
_____/

## **DEFENDANT'S, NCL (BAHAMAS), LTD.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S COMPLAINT**

Defendant's, NCL (BAHAMAS), LTD. ("NCL" or "Defendant"), by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Dismiss and/or Strike Plaintiff's Complaint [D.E. 1], and in support thereof states as follows:

## **INTRODUCTION**

This is a maritime wrongful death action brought by YANLI GONG in her individual capacity, as Personal Representative for the Estate of Hyon Duk Shin, deceased, and in her capacity as Parent and Natural Guardian of the two (2) minor children in this action, M.S. and C.S. (hereinafter collectively referred to as the "Plaintiffs"), as well as Plaintiff, Kwang Shin, mother of the deceased and grandmother of Minor Plaintiffs. Plaintiffs herein allege that on March 27, 2024, Hyok Duk Shin ("Decedent"), a passenger onboard the *Norwegian Getaway*, died while at the Horseshoe Bay Beach in Bermuda operated by Defendant. [D.E. 1, ¶32]. Plaintiffs allege the following claims: General Negligence (Count I), Gross Negligence (Count II), Negligent Failure to Warn (Count III), Negligent Infliction of Emotional Distress (Count IV), Negligent Representation (Count V), Breach of Non-Delegable Duty (Count VI), and Death on the High Seas Act, 46 U.S.C. Sec. 30301-

1

30308 (Count VII). The Complaint fails to state a claim against Defendant upon which relief may be granted and should therefore be dismissed.

## MEMORANDUM OF LAW

### I.   This Action is Governed by U.S. Maritime Law

The present action is substantively controlled by United States general maritime law. Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Complaint, Decedent died while visiting Horseshoe Bay Beach during his cruise on the Norwegian Getaway. [D.E. 1, ¶23]. Moreover, Plaintiff agree that "[T]his Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to Article III § 2 of the United States Constitution and 28 U.S.C. § 1333." [D.E. 1, ¶2]. Accordingly, federal maritime law applies to the instant action.

### II.   Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss is to "streamline litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). "As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal." *Ray v. Spirit Airlines*, Inc. 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)). To survive a Rule 12(b)(6) challenge, "a claim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fernandez v. Sch. Bd. Of Miami-Dade Cnty.*, 2015 U.S. Dist. LEXIS 172460, *6-7 (S.D. Fla. Dec. 29, 2015) (Gayles, J.) (internal citations omitted); *see also Gayou v. Celebrity Cruises*, Inc., 2012 U.S. Dist. LEXIS 77536, at *6 (S.D. Fla. June 5, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court in *Gayou* noted,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Thus, a pleading that

> offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not survive dismissal.

*Id.* (quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))

### III. Standard for Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *2 (S.D. Fla. 2014) ("The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'") (citation omitted); *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F. 3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

### IV. The Death on the High Seas Act ("DOHSA") Governs the Estate's Claims

#### a. DOHSA is the Estate's sole, exclusive remedy

As a threshold issue, Death on the High Seas Act ("DOHSA") is the sole exclusive remedy governing Plaintiffs' claims. DOHSA is applicable whenever "the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." *See* 46 U.S.C. §30302. Because foreign waters are beyond 3 nautical miles from the shore of the United States, DOHSA applies to incidents occurring in those waters. *Id.; see also Elbaz v. Royal Caribbean Cruises, Ltd.*, 16-24568-CIV, 2017 WL 3773721, at *2 (S.D. Fla. Jan. 12, 2017) *(citing to Sanchez v. Loffland Bros. Co.,* 626 F.2d 1228, 1230 n. 4 (5th Cir. 1980) (DOHSA applies "when the cause of action arises outside of United States territorial waters and within the territorial waters of a foreign country."); *Ridley v. NCL (Bahamas) Ltd.,* 824 F. Supp. 2d 1355, 1359 (S.D. Fla. Oct. 13, 2010) ("The Eleventh Circuit has consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states."); *Moyer v. Rederi,* 645 F. Supp. 620, 623 (S.D. Fla. Sept. 26, 1986) (Marcus, J.) ("The prevailing rule in this Circuit, consistent with rulings in numerous courts outside of this Circuit, is that maritime incidents occurring within the territorial waters of foreign states fall

within the ambit of DOHSA."); *Howard v. Crystal Cruises, Inc.,* 41 F. 3d 527,531 (9th Cir. 1994) (DOHSA provides the exclusive remedy for a wrongful death action where the wrongful act that led to the decedent's death occurred in Mexican territorial waters); *Perkins v. Ottershaw Investments, Ltd.,* 2005 WL 3273747 (S.D. Fla. 2005) (application of DOHSA to death in Bahamian waters); *Mellor v. Moe,* 2007 WL 288378 (S.D. Fla. 2007) (application of DOHSA death as a result of a jet ski accident occurring in Bahamian waters); *Cormier v. Williams/Sedco/Horn Constructors,* 460 F. Supp. 1010 (E.D. La. 1978) (applying DOHSA to accident occurring on a navigable river in Peru).

Courts in this district have held that "a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury." *Fojtasek v. NCL (Bahamas) Ltd.,* 613 F. Supp. 2d 1351 (S.D. Fla. 2009). In *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1315 (S.D. Fla. 2019), report and recommendation adopted, 18-20829-CIV, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019), the decedent participated in one of Carnival's shore excursions in Cozumel, Mexico that was advertised as a "getaway to a private island for cruise guests, complete with food, beverages, and water float inflatable." The decedent then dove into the water, which was subject to changing tides and shallow water, in an attempt to obtain an inflatable, which resulted in blunt force trauma to the head and neck as well as asphyxia due to immersion. *Id.* The decedent died on the shore. Id. There, Judge Torres found that the injury which caused the decedent's death occurred in the water, thus triggering DOHSA, even though the decedent may have later succumbed to the injuries on land. *Id.* at 1316. NCL respectfully submits that, based on the facts pled in Plaintiffs' Complaint, it is undisputable that the death inducing event occurred in the territorial waters of Bermuda. Based on the foregoing, DOHSA applies and provides the Estate with its exclusive remedy. *See Smith v. Carnival Corp.,* 584 F. Supp. 2d 1343, 1351 (S.D. Fla. 2008).

Plaintiffs acknowledge that DOSHA applies in this action as they have included a DOSHA claim in their Complaint. They do not dispute that DOHSA is the exclusive remedy. Nevertheless, as part of the damages sought under Plaintiffs' DOHSA (Count VII) claims as well as every other count in the Complaint, Plaintiffs allege sustaining damages including "severe mental distress, including but not limited to, anxiety, emotional flashbacks, and depression…" [D.E. 1 ¶¶ 82 (b), 89(b), 98(b), 111(b), 116(b), 120 (b)]. Not only are these damages not applicable but these damages are duplicative to the damage sought under Plaintiffs' Negligent Infliction of Emotional Distress claim. Accordingly, the damages should be stricken from each count of Plaintiffs' Complaint.

Moreover, as noted in section VII, under NIED they have failed to state a claim upon which relief can be granted.

### b. The Estate is not entitled to recover non-pecuniary damages

Additionally, in their Complaint, Plaintiffs seek recovery of non-pecuniary damages, including damages for household support, love, guidance, and support. [D.E. 1 ¶¶ 82 (a), 89(a), 98(a), 111(a), 116(a), 120 (a)]. "DOHSA permits only pecuniary damages." *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217 (1996) (finding there could be no recovery for loss of society damages under DOHSA); *Sanchez v. Lojjland Bros. Co.*, 626 F. 2d 1228, 1230 (5th Cir. 1980) ("DOHSA specifically limits recoverable damages to those pecuniary in nature"); *see also Kennedy v. Carnival Corp.a,* 385 F. Supp. 3d 1302, 1314 (S.D. Fla. 2019), report and recommendation adopted, No. 18-20829-CIV, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019)("Recovery under DOHSA, if it applies, is expressly limited to pecuniary losses; claims for non-pecuniary losses are barred"); and *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1230 (5th Cir. 1980) ("DOHSA specifically limits recoverable damages to those pecuniary in nature."). Accordingly, the Estate may not recover for damages under DOHSA for emotional grief, loss of companionship and protection, mental pain and suffering, or any non-pecuniary loss. *See Jacobs v. Northern King Shipping Co.*, 180 F. 3d 713, 718 (5th Cir. 1999) (pre-death pain and suffering, loss of companionship and loss of love and affection claims are barred by DOHSA). As such, the Estate is prohibited by DOHSA from recovery of all non-pecuniary damages sought and must be dismissed with prejudice.

### V. Plaintiffs' Complaint is an Impermissible Shotgun Pleading and Should be Dismissed.

Plaintiffs' Complaint is an impermissible shotgun pleading and should accordingly be dismissed in its entirety. The Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386 (11th Cir. 2005) ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support with claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'") As such, the Eleventh Circuit has advised against allowing a case to proceed when plead as a shotgun pleading. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). "A shotgun-style complaint is one that incorporates all of the general factual allegations by reference into each subsequent

claim for relief." *Great Fla. Bank v. Countrywide Home Loans*, Inc., 2011 U.S. Dist. LEXIS 10321, *4 (S.D. Fla. Feb. 3. 2011) (internal quotations omitted); *see also Burgess v. Royal Caribbean Cruises Ltd.*, 2020 U.S. Dist. LEXIS 188606, *5 (S.D. Fla. Oct. 9, 2020); *Kennedy v. Bell South Telecomms., Inc.*, 546 Fed. Appx. 817, 819-20 (11th Cir. 2013); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1313, 1322-23 n.6 (11th Cir. 1998); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (holding that a pleading is properly dismissed if the failure to identify the facts "relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.").

Here, Plaintiffs' Complaint begins every Count with a pre-amble, re-alleging and incorporating by reference a group of seventy-six (76) paragraphs over thirty-three pages, with numerous external links, of "factual" allegations without marshaling these allegations in support of which claims Plaintiffs seek to bring. Accordingly, Plaintiffs place the undue burden on NCL and the Court to discern which actual allegations are in support of each cause of action. This makes it significantly more difficult for NCL to properly respond to each cause of action. This Court has dismissed several similarly pled complaints for these very reasons. *See, e.g., Serra-Cruz v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 23591, *9-10 (S.D. Fla. Feb. 11, 2019); *Nichols v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 105153, *8-10 (S.D. Fla. June 21, 2019); [ECF No. 10-1, at 4-6]; *see also Burgess v. Royal Caribbean Cruises Ltd.,* 2020 U.S. Dist. LEXIS 188606, *3-4 (S.D. Fla. Oct. 9, 2020).

### *i.* **Plaintiffs' General Negligence (Count I), Gross Negligence (Count II), and Negligent Failure to Warn (Count III) are Duplicative**

Moreover, Plaintiffs' Complaint includes claims (Count II: Gross Negligence and Count III: Negligent Failure to Warn) that are unnecessary and duplicative causes of action to Plaintiffs' first count (General Negligence). For instance, in Count I (General Negligence), Plaintiffs allege NCL breached its duty based on its failure to, *inter alia* "to cancel or modify access to the subject excursion", "recognize the strong *current* at the beach bay…", "recognize the strong *undertow* at the beach bay…", "provide look-outs or lifeguards…", "[p]romoting the subject area as a 'more controlled environment'…". [D.E. 1 ¶ 79]. The duties listed in Count II (Gross Negligence) are *verbatim* as the ones Plaintiffs allege in Count I. [D.E. 1 ¶¶ 85, 94]. Ultimately, Counts I, II, and III are identical, redundant, and do not expose NCL to any additional liability. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and

for which identical relief is available." *Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) *quoting Wultz v. Islamic Republic of Iran*, 755 F.Supp.2d 1, 81 (D.D.C.2010). Here, all of Plaintiffs' claims stem from the same factual allegations and appear to be based on the same duties NCL allegedly violated. There is no need for three (3) separate counts alleging identical claims. Therefore, Counts II and III should be stricken.

**VI.   Plaintiff's Negligence Claims (Counts I, II, and III) Fail to State a Claim Upon Which Relief Can be Granted.**

Plaintiffs' three negligence claims (General Negligence (Count I), Gross Negligence (Count II), and Negligent Failure to Warn (Count III)) against NCL are defective in several respects and should be dismissed. To prevail on a claim of negligence, Plaintiff must establish that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). All of Plaintiffs' negligence claims fail as Plaintiffs fail to: (1) sufficiently allege gross negligence (Count II); (2) sufficiently allege that NCL knew or should have known of any dangerous condition; and (3) properly plead NCL's duty (either alleges heightened duties or fails to properly plead NCL's duty to warn). Accordingly, as expounded more fully below, Plaintiffs' negligence claims should be dismissed.

**A.  Plaintiffs fail to sufficiently plead their Gross Negligence (Count II) Claims**

As noted in section V.i., *supra*, Plaintiff's negligence claims, including their gross negligence claims, are duplicative and do not expose NCL to additional liability. Notwithstanding, Plaintiffs fail to sufficiently plead a gross negligence claim upon which relief can be granted. To state a cause of action for gross negligence, a plaintiff must allege: (1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act of omission occurring in a manner which evinces a conscious disregard of the consequences. *Chubb Seguros Chile S.A. v. Freight Logistics Intl. LLC,* 588 F. Supp. 3d 1312, 1317 (S.D. Fla. 2022); *Smith v. Ceres Marine Terminals, Inc.*, No. 6:20-CV-1666-WWB-GJK, 2021 WL 3111614, at *2 (M.D. Fla. Mar. 31, 2021). This Honorable Court has found the gross negligence involves some extreme departure from reasonable care coupled with a conscious awareness of the risk of harm. *Lobegeiger v. Celebrity Cruises, Inc.,* No. 11-21620-

7

CIV, 2011 WL 3703329, at *16 (S.D. Fla. Aug. 23, 2011). Here, Plaintiffs, in a conclusory manner stated that the "circumstances constituted an imminent, clear, and present danger amounting to more than usual peril" because there were many drownings and near drownings on Bermuda's beaches. [D.E. 1 ¶ 8]. However, Plaintiffs primarily rely on the factual allegations set forth in their ordinary negligence claim (i.e., the Decedent drowning at the beach). Without more, the Complaint is devoid of factual allegations to suggest the circumstances constituted an imminent or present danger amounting to more than normal and usual peril. Further, Plaintiff did not assert any specific facts to suggest NCL knew of the dangerous condition (as detailed in section VI.B. below) but acted in such a way that it consciously disregarded any consequences that could result from such negligent operation. Accordingly, Plaintiffs have failed to allege a claim for gross negligence. *Smith*, 2021 WL 3111614, at *2. Without any factual support, Plaintiff's Complaint is nothing more than boilerplate conclusory allegations. *Humphreys v. Carnival Corp.*, No. 18-24783-CIV, 2019 WL 8895230, at *2 (S.D. Fla. Mar. 7, 2019); *see also Sanlu Zhang v. Royal Caribbean Cruises, Ltd.,* No. 19-20773-CIV, 2019 WL 8895224, at *2 (S.D. Fla. Mar. 7, 2019). Notwithstanding, any exemplary damages Plaintiff may claim for gross negligence are barred by DOHSA. *See Kennedy, supra.*

      **B.  Plaintiffs fail to sufficiently allege NCL was on notice of a dangerous condition.**

Counts I, II, and III of Plaintiffs' Complaint include the same notice allegations; all of which are generic, conclusory, and speculative, and are therefore insufficient to establish that NCL was aware of the subject dangerous conditions at Horseshoe Bay Beach prior to Plaintiff's incident. "A cruise line must warn passengers only of those dangers that 'the cruise line knows or reasonably should have known,' and 'which are not apparent and obvious to the passenger.'" *Gayou v. Celebrity Cruises*, Inc., 2012 WL 2049431, *5 (S.D. Fla. June 5, 2012)(quoting *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)); *see also Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1308-9 (S.D. Fla. 2015); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence. . . . The purpose behind the . . . notice requirement is that the shipowner should not be made the insurers of passenger safety.") (internal citations omitted)); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger."); *Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3

(S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival knew of this risk creating condition…"); *Twombly*, 550 U.S. at 545 ("A complaint must allege facts sufficient "to raise a right to relief above the speculative level.").

For example, Plaintiffs allege that NCL knew or should have known of the subject dangerous conditions through public warnings from multiple governmental entities as well as visitor and news reports. [D.E. 1 ¶¶48-50, 57]. These allegations are insufficient. As a threshold issue, in support of their argument, Plaintiff cites to multiple warnings or reports including a warning by the U.S. Consulate General in Bermuda that was issued a month *after* the subject incident and an article published by a Bermudian *multiple months after* the subject incident. [D.E. 1 ¶¶ 50, 59]. As these articles post-date the subject incident, they cannot be used to impute notice to NCL. Moreover, NCL is under no obligation to search the internet for news articles, Tripadvisor reviews, or tweets from the Bermuda government. At least one Court in this district has found that cruise lines have no obligation or responsibility to "scour[] the Internet". *Mabs v. Celebrity Cruises, Inc.*, No. 19-CV-20144, Hearing on Celebrity's Motion to Dismiss, (S.D.Fla. January 22, 2020) attached herein as Exhibit "E" at 11:1-5.

Plaintiffs also allege that NCL's interactions with the Bermuda's Tourism offerings gave it access to local information regarding the safety or dangers of potential excursion sites and that the local weather forecasts made NCL aware of the weather conditions in the area at the time of the incident. [D.E. ¶¶ 55, 76]. However, Plaintiffs provide no allegations how NCL's interactions with Bermuda's tourism would have provided notice of the **dangerous condition alleged in this case**. Similarly, Plaintiffs do not allege any facts as to how knowledge of the local weather forecasts would have placed NCL on notice that there would be any issues with the sea conditions at the subject incident site at the time of the subject incident.[1] Ultimately, Plaintiffs have simply pled a conclusory allegation without any factual connection to this case. Without factual allegations that support Plaintiffs' claim, the claim must fail. *Gayou*, 2012 WL 2049431, at *5 (Plaintiff's

---

[1] Plaintiffs incorporate a link to the BWS Daily Climatology Written Summary for the entire month of March 2024. [D.E. 1, ¶ 53]. Not only does the climate report fail to reference any conditions related to sea currents or undertow, but the report is for the entirely of Bermuda, not the specific location of the subject incident.

complaint "fails to state a claim because he has not alleged any facts from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition").

Equally as deficient is Plaintiffs' allegation that NCL knew of the conditions because the conditions existed for a sufficient length of time or that the conditions were recurring. [D.E. 1, ¶¶ 81, 87, 96]. These are not factual allegations from which notice may be inferred – but rather threadbare allegations that recite no facts suggesting how NCL knew or should have known of the specific dangerous condition alleged. *Newbauer v. Carnival Corp.*, No. 20-23757-CIV, 2021 WL 723164, at *3 (S.D. Fla. Feb. 24, 2021), *aff'd*, 26 F.4th 931 (11th Cir. 2022); *Kendall v. Carnival Corp.*, No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *1 (S.D. Fla. Dec. 8, 2023); *Brenda Armbrust, Pl., v. Carnival Corporation, Carnival PLC and HAL Properties, Limited Defendants.*, No. 1:24-CV-24259, 2025 WL 889360, at *6 (S.D. Fla. Mar. 6, 2025), report and recommendation adopted sub nom. *Armbrust v. Carnival* Corp., No. 24-24259-CV, 2025 WL 886944 (S.D. Fla. Mar. 21, 2025). In essence, Plaintiff's allegations fail to establish NCL was on notice of a dangerous condition.

Moreover, Plaintiffs attempt to allege notice by referencing seven prior incidents, without pleading any facts or circumstances to show how these incidents establish that NCL was on notice of the risk-creating condition **specific to the subject area**. Albeit five out of the seven prior incidents that Plaintiffs cite occurred between 2012 and 2018, Plaintiffs fail to corroborate with factual support how the two prior incidents from 2022 would have given NCL prior notice of the hazardous conditions at Horseshoe Bay Beach before the subject incident. Moreover, the newspaper articles Plaintiffs provide as to the 2022 incidents also fail to indicate any factual connection to the present matter such as to establish notice and Plaintiff's Complaint does not allege whether the victims were NCL cruise line passengers or simply tourists. Without such facts, Plaintiff cannot establish how such alleged prior incidents show NCL had notice of the risk-creating condition in this case. *Nichols v. Carnival Corp.*, 423 F. Supp. 3d 1316, 1323 (S.D. Fla. 2019); *Bustamante v. Celebrity Cruises, Ltd.*, 1:22-CV-20330-JLK, 2022 WL 16727079, at *2 (S.D. Fla. Nov. 2, 2022) ( "[T]here is no explanation as to how these incidents put [Defendants] on notice."); *Polanco v. Carnival Corp.*, No. 10-21716-CIV, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival

learn of the incidents? The complaint is bereft of information on these material issues."). Other than the names and ages of the victims, Plaintiffs do not allege a *single fact* about the prior incidents specific to Horseshoe Bay Beach, therefore their allegations that NCL was on notice due to prior incidents are entirely insufficient. *Id*., at *1. Accordingly, NCL respectfully submits that the Court should dismiss Counts I, II, and III.

### C. Plaintiff improperly seeks to impose heightened duties of care on NCL.

In addition, Plaintiffs' negligence claims improperly impose numerous heightened duties of care on NCL that are non-existent under general maritime law. The duty of care owed by an owner of a ship in navigable waters while its passengers are on board the vessel is a duty of exercising reasonable care under the circumstances. *Kermarec*, 358 U.S. at 632; *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir. 1990). Additionally, under general maritime law, "a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336; *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016); *Carlisle v. Ulysses Line Ltd.*, S.A., 475 So.2d 248, 251 (Fla. 3d DCA 1985); *Carmouche v. Carnival Corp.*, 13-62584-CV, 2014 WL 12580521, at *5 (S.D. Fla. May 15, 2014). Accordingly, a shipowner's duty has been found to be limited to the duty to warn and the imposition of heightened duties beyond the duty to warn of known dangers in known settings is improper. *See Munday v. Carnival Corp.*, 2017 WL 5591640, at *2 (S.D. Fla. July 18, 2017); *Finkelstein v. Carnival Corp.,* No. 1:14-CV-24005-UU, 2015 WL 12765434, at *3 (S.D. Fla. Jan. 20, 2015).

Here, Plaintiffs' negligence claims against NCL fail because they allege improper duties over and above the duty to warn of known dangers in places where passengers are reasonably expected to visit. For example, although Plaintiff labels Count III as failure to warn, the breaches of duty Plaintiff alleges go beyond a duty to warn. Specifically, Plaintiffs allege that NCL breached its duty to warn "that NCL does not adequately inspect the scene". [D.E. 1 ¶94 (a-d)]. While Plaintiffs attempt to guise this duty as under the failure to warn, the duty to inspect goes far beyond the duty to warn of known dangers in places guests are expected to visit. Similar allegations have been held insufficient to withstand a motion to dismiss by courts in this district. In *Thompson*, the plaintiff alleged breaches of duty such as Carnival's failure to (1) "provide a safe shore excursion," (2) "adequately inspect and/or monitor the excursion," (3) "adequately inspect and/or monitor the policies and procedures of Excursion Entities," as well as a list of other duties of a similar nature.

*Thompson*, 174 F. Supp. 3d at 1340. The court found that most Thompson's negligence claims were premised on duties not recognized under general maritime law. *Id*.

Similarly, Plaintiffs' General Negligence (Count I) and Gross Negligence (Count III) claims include improper allegations that NCL breached its duty by "failing to provide look outs or lifeguards in the subject area". [D.E. 1 ¶¶79(b-d) and 85(b-d)]. Such alleged duties or breaches do not constitute a valid basis for a negligence claim under the circumstances presented, as NCL's duty is limited to warning passengers of dangers it knew about or reasonably should have known about. Courts have consistently rejected negligence claims premised on similarly elevated duties, such as "[f]ailing to provide an excursion with proper equipment and personnel; [and] Failing to promote, market, and sell reasonably safe shore excursions to its passengers." *Woodley v. Royal Caribbean Cruises, Ltd.*, No. 1:20-CV-20692-KMM, 2020 WL 3967765, at *4 (S.D. Fla. July 14, 2020); *Thompson*, 174 F. Supp. 3d at 1340. Plaintiffs' attempt to impose heightened duties beyond the duty to warn of known dangers in known settings is improper and would essentially render NCL "the all-purpose insurers of their passengers' safety." *Thompson*, 174 F. Supp. 3d at 1340.; *see also Kornberg*, 741 F. 2d at 1334; *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *4 (S.D. Fla. Oct. 22, 2012). Accordingly, the Court should dismiss Plaintiff's negligence claims.

### VII. Plaintiff's Claim for Negligent Infliction of Emotional Distress ("NIED") (Count IV) Should also be Dismissed.

Plaintiffs claim under Count IV that NCL is liable for NIED for Decedent's wife, Ashley Gong, for Decedent's young minor children and for Decedent's mother, Kwang Shin. However, Count IV should be dismissed because it remains grounded on Plaintiffs' insufficient negligence claims, *supra*, and because Plaintiffs have failed to plead sufficient facts to establish a claim for NIED under maritime law. As a threshold issue, Plaintiffs' NIED claim should be dismissed because it is founded on Plaintiffs' insufficient negligence claims. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("negligent infliction of emotional distress … requires an adequately pled underlying claim of negligence."). Notwithstanding that Count IV should be dismissed for that reason alone, it is additionally insufficient because Plaintiffs have not plead any facts to establish that they were in the zone of danger of the drowning incident, or that they have suffered a physical manifestation as a result of their emotional distress.

"Admiralty law allows recovery for negligent infliction of emotional distress claims which pass the 'zone of danger' test." *Martins v. Royal Caribbean Cruises Ltd.*, 174 F.Supp.3d 1345, 1354-55 (S.D. Fla. 2016) (*citing Chaparro*, 693 F.3d at 1338) ("federal maritime law has adopted [the] application of the 'zone of danger' test which allows recovery if a plaintiff is placed in immediate risk of physical harm by [defendant's negligent] conduct) (internal citations omitted)). Under the "zone of danger" theory of NIED, a plaintiff can recover for the resulting emotional distress caused by their fear *for their own safety*. Thus, a plaintiff who was not injured by a defendant's negligent conduct may recover only if they were placed in immediate risk of physical harm as a consequence of defendant's negligence; it is not sufficient for the plaintiff to have witnessed an event that caused injury to another.

> [T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct … In other words, those within the zone of danger can recover for fright, and those outside of it cannot ….
> Consequently, **plaintiffs must allege more than merely being a witness to a traumatic event to sufficiently plead NIED; the plaintiff must be, at least, threatened with imminent physical impact**.

*Martins*, 174 F.Supp.3d at 1354-55 (internal citations omitted) (emphasis added); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *3 (S.D. Fla. Mar. 14, 2014) ("plaintiffs here must claim more than mere witness of a traumatic event to sufficiently plead negligent infliction of emotional distress.")

For instance, the classic "zone of danger" example involves a negligent motorist who drives through a crowd of people, striking some pedestrians but missing others. The zone of danger test allows the pedestrians who were in the path of the vehicle but not actually struck to recover damages for the emotional distress stemming from being in the zone of danger of the negligent motorist. A pedestrian who witnessed the car accident from the other side of the street, however, but was never at risk of being struck by the vehicle, is not in the zone of danger to be able to recover for NIED.  The allegations in Plaintiffs' Complaint are that the deceased "drowned while on vacation, during which the Plaintiffs attempted to rescue Duk Shin and frantically save his life with delayed and limited help." [D.E. 1 ¶100]. To have been in the zone of danger, Plaintiffs would have to have been in immediate risk of physical harm from the drowning. In other words, the zone

of danger would include someone who *almost* drowned as a result of the rip current and undertow from the water at Horseshoe Bay beach but survived.

Plaintiffs have failed to plead any fact to contend that they were in the zone of danger of the drowning of the Decedent. Although Plaintiffs allege that the Decedent's wife, Ashley Gong, attempted to revive Mr. Shin once he was carried to shore, merely being on the beach nearby is insufficient to establish that Plaintiffs were in the zone of danger of the incident that led to Decedent's death. [D.E. 1 ¶ 38]. Plaintiffs have failed to plead any fact suggesting that either the Decedent's wife, mother, or minor children were in immediate risk of physical harm from the rip current and undertow that caused Mr. Shin's drowning. [D.E. 1 ¶33]. Accordingly, as Plaintiffs' Complaint fails to allege any fact to establish that Plaintiffs were in the zone of danger, the NIED claim should be dismissed. *See also Nielsen v. MSC Crociere, S.A.*, No. 10-62548-CIV, 2011 WL 12882693, at *9 (S.D. Fla. June 24, 2011) ("the Amended Complaint alleges that Plaintiff suffered emotional distress resulting in damages as a result of witnessing his wife's death. It does not allege that his emotional distress was caused by fear of physical injury to himself.") Additionally, Plaintiffs' NIED claim is even less compelling under the zone of danger requirement given that Plaintiffs were all on the beach when Mr. Shin began his rescue of the girl who was drifting away, before his subsequent drowning. [D.E. 1 ¶¶32-33]. As Decedent was in the water at the time of injury, Plaintiffs could not have been in the zone of danger, to wit: at immediate risk of physical harm due to rip current and undertow that led to Decedent's death. Accordingly, Plaintiffs' NIED claim should also be dismissed.[2]

## VIII. Plaintiffs' Negligent Representation (Count V) claim should also be dismissed

Plaintiffs' Negligent Representation (Count V) claim also should be dismissed. To state a claim for negligent misrepresentation, a plaintiff must allege: (1) misrepresentation of a material fact; (2) that the representor made the representation without knowledge as to its truth or falsity or under circumstances in which she ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation. *Ceithaml v. Celebrity Cruises, Inc.,* 207 F. Supp.

---

[2] While Plaintiffs have also asserted emotional distress by actively having to assist in the Decedent's resuscitation, this allegation does not establish they were at risk of imminent physical harm or fear for their own safety during this time such that they could plausibly have been in the zone of danger to recover for NIED.

14

3d 1345, 1352-53 (S.D. Fla. 2016). Claims for negligent misrepresentation are subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* Rule 9(b) requires that a complaint set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statement and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). To satisfy Rule 9(b) in a negligent misrepresentation claim, "the Complaint must set forth particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

As a threshold issue, Plaintiffs allege NCL made certain implications (which NCL denies). [D.E. 1, ¶ 106(c)]. However, an implication is not a representation and therefore cannot be the basis for a misrepresentation claim. Moreover, Plaintiffs make a general allegation that "NCL's promotional material and oral representations, which Plaintiffs reviewed, contained misrepresentations of material facts". [D.E. 1, ¶ 106]. However, there is a disconnect between the factual allegations pled in Plaintiffs' Complaint and the alleged misrepresentations. First, there are no allegations whatsoever related to the purported oral misrepresentations made, such as who made them, to whom, when, and what specifically was said or represented. Plaintiffs also fail to plead with any specificity when they and/or Decedent viewed the website and alleged representations prior to having "justifiably relied on the representations made by NCL when Plaintiffs selected the subject excursion and participated in the same." [D.E. 1 ¶ 109]. Under a similar set of facts, courts have held this hardly suffices in meeting the heightened pleading standard. *See Thompson v. Carnival Corporation*, No. 20-22217-CIV, 2020 WL 8224964 (S.D. Fla. Sept. 11, 2020) (finding Plaintiff's "generic reference that she viewed the [website] prior to embarking on a cruise hardly suffices.").

As to the substantive nature of the representations on NCL's website, many of the misrepresentations that Plaintiffs point to are not actionable. For instance, Plaintiffs assert that NCL misrepresented that "NCL would keep guests 'as safe as possible'" and that NCL watched its excursion sites to "ensure its passengers' safety…" [D.E. 1 1 ¶ 106]. As noted in *Zhang*, "'the general promise of a 'safe, reliable, licensed, excursion' is not actionable.'" *Sanlu Zhang v. Royal*

*Caribbean Cruises, Ltd.*, 19-20773-CIV, 2019 WL 8895223, at *6 (S.D. Fla. Nov. 15, 2019) *quoting Gibson v. NCL (Bahamas) Ltd.*, 11-24343-CIV, 2012 WL 1952667, at *6 (S.D. Fla. May 30, 2012); *see also Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV, 2009 WL 8659594, at *9 (S.D. Fla. Sept. 14, 2009) (holding a representation that an excursion is "safe," "cannot form the foundation of a negligent-misrepresentation claim.") (*citing Isbell*, 462 F. Supp. 2d at 1237). Plaintiff also alleges NCL misrepresented that the subject excursion was "easy," but has not pled any facts that the excursion was not easy. [D.E. 1, ¶106]. Due to Plaintiffs' failure to sufficiently plead their allegations in Count V with adequate factual support to their claim, Plaintiffs' Negligent Representation claim should be dismissed.

**IX.    Plaintiffs' Breach of Non-Delegable Duty (Count VI) Should be Dismissed.**

Plaintiffs' breach of non-delegable duty claim must be dismissed because there is no basis for such a claim under maritime law. There is no action for breach of implied warranty to provide safe passage, which includes participation in shore excursions. *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1372 (S.D.Fla. 2005) ("maritime law will not support a passenger's breach of contract claim unless there is an express provision in the contract of carriage guaranteeing safe passage") (citing *Doe v. Celebrity Cruises*, 145 F.Supp.2d 1337, 1346 (S.D.Fla. 2001) and *Jackson v. Carnival Cruise Lines, Inc.*, 203 F.Supp.2d 1367, 1377-78 (S.D.Fla. 2002). An exception exists if, and only if, "the ship owner executes a contractual provision that expressly guarantees safe passage." *Doonan*, 404 F. Supp. 2d at 1372. For this exception to apply, the contractual duty must be "explicitly" stated. *Id.*

Plaintiffs contend that NCL contractually offered to provide a shore excursion to Plaintiffs and Decedent and thus, NCL owed them a "non-delegable contractual duty to provide them with a reasonably safe excursion." [D.E. 1, ¶114]. First, **Plaintiffs do not identify any actual contractual language that confers such an obligation.** To the contrary, Plaintiffs' and Decedent's Passenger Ticket Contract explicitly *denies* that NCL has a contractual duty to provide passengers with a "reasonably safe excursion." *See* Exhibit "A" at ¶9(a) ("The Guest recognizes and agrees that, if and when the Carrier makes arrangements for…ground transfers, shore excursions…the Carrier does so solely for the convenience of the Guest, the Carrier does not act on behalf of or supervise the parties or persons who own, furnish, or operate such conveyances, services or facilities, and the same are provided by independent contractors who work directly for the Guest and Guest is subject to such terms, if any, appearing in the tickets, vouchers or notices of such

party or parties. Therefore, the Guest agrees that the Carrier assumes no responsibility for, nor guarantees the performance of, any such person, party, contractor, service or facility, and that the Carrier shall not be liable for losses or injuries arising from the acts or omissions of such person, party, contractor, service or facility."). As Plaintiffs specifically refer to the Ticket Contract in their Complaint the Court can and *should consider the entirety of the Ticket Contract*, not just the portions that Plaintiff selected to include. [D.E. 1, ¶¶14, 21)]; see *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); see also *Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431, at *9 (S.D. Fla. June 5, 2012); *Oklahoma Firefighters*, 2015 WL 1775221, at *14; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir.2012); *In re NVIDIA Corp. Sec. Litig.,* 768 F.3d 1046, 1058 n. 10 (9th Cir.2014). Moreover, NCL's Ticket Contract is controlling as it plainly contradicts Plaintiffs' allegations and is incorporated into the Complaint. *Brothers v. STVT-AAI Educ., Inc.*, 7:19-CV-19-BO, 2019 WL 3987752, at *2 (E.D.N.C. Aug. 22, 2019) ("In the event of a conflict between the allegations in the complaint and an incorporated external document, the external document controls.") (*citing Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991).

In *Doria*, the Court dismissed the plaintiff's breach of duty claim with prejudice, finding Royal Caribbean did not have a non-delegable duty to the plaintiff regarding shore excursions. *See Doria*, 1:19-CV-20179-KMW, 2019 WL 13151601, at *7. The plaintiff in *Doria* made the same allegation as Plaintiffs here that Royal Caribbean breached a duty to provide a reasonably safe excursion. *Id.* ("Doria alleges that Royal Caribbean had fiduciary duties such as selecting and offering safe excursions to passengers .... "). In dismissing the claim, the Court held that "[a]ssigning to Royal Caribbean a fiduciary duty to its passengers would ascribe a heightened standard of care beyond the well-established reasonable care under the circumstances." *Id.*

"[P]ermitting Plaintiff to proceed on her claims ... would impermissibly expand Carnival's duties to its passengers and render it an insurer of its passengers' safety." *Joseph v. Carnival Corp.,* No. 11-20221-CIV, 2011 WL 3022555, at *3 (S.D. Fla. July 22, 2011). However, it is well settled that shipowners are not the all-purpose insurers of their passengers' safety. See Meyer v. Carnival Corp., 2013 WL 12061857, *2 (S.D. Fla. Sep. 3, 2013) ("[A] cruise ship is not the insurer of the safety of its passengers, when they undertake excursions operated by independent third parties. And merely because an accident occurs, a carrier does not become liable to a passenger."). Therefore, Count VI should be dismissed.

**WHEREFORE**, Defendant, NCL, respectfully requests this Honorable Court enter an Order dismissing Plaintiff's Complaint in its entirety, and for all other relief this Court deems just and proper.

Dated: May 6, 2025
      Miami, Florida

                        Respectfully submitted,
                        **FOREMAN FRIEDMAN, P.A.**

BY: */s/ Noah D. Silverman*
Noah D. Silverman, Esq. (FBN 401277)
nsilverman@fflegal.com
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Leonardo Viola, Esq. (FBN 1055128)
lviola@fflegal.com
Cecile von Batemberg, Esq. (FBN 123769)
cvbatemberg@fflegal.com
Foreman Friedman, P.A.
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on May 6, 2025. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                        By: */s/ Noah D. Silverman*
                             Noah D. Silverman, Esq.

## SERVICE LIST

| | |
|---|---|
| Frank D. Butler, Esq.<br>fdblawfirm@aol.com<br>Jana Ranieri Cortina, Esq.<br>JCortina@fightingforfamilies.com<br>Frank D. Butler, P.A. | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com |

| | |
|---|---|
| 10550 US Highway 19 North<br>Pinellas Park, Florida 33782<br>Tel: 727-399-2222/ Fax: 727-399-2202<br>*Attorneys for Plaintiffs* | dchacon@fflegal.com<br>Leonardo Viola, Esq.<br>lviola@fflegal.com<br>Cecile von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>bgotayfuentes@fflegal.com<br>Foreman Friedman, P.A.<br>One Biscayne Tower, Suite 2630<br>2 South Biscayne Boulevard<br>Miami, FL  33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant* |