UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-21385-CMA

YANLI GONG, Individually and as
Personal Representative for the Estate of
Hyon Duk Shin, deceased, and as Parent
And Natural Guardian of M.S. and C.S.
(minors), and KWANG SHIN, Individually

    Plaintiffs,

v.

NCL (BAHAMAS), LTD., a Bermuda Corporation
d/b/a NORWEGIAN CRUISE LINES (NCL),

    Defendant.
_____/

### DEFENDANT'S, NCL (BAHAMAS), LTD.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant, NCL (BAHAMAS), LTD. ("NCL" or "Defendant"), by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Dismiss Plaintiffs' Amended Complaint [D.E. 30], and in support thereof states as follows:

### INTRODUCTION

This is a maritime wrongful death action brought by Yanli Gong in her individual capacity, as Personal Representative for the Estate of Hyon Duk Shin, deceased, and in her capacity as Parent and Natural Guardian of the two (2) minor children in this action, M.S. and C.S. (hereinafter collectively referred to as the "Plaintiffs"), as well as Plaintiff, Kwang Shin, mother of the deceased and grandmother of Minor Plaintiffs. Plaintiffs herein allege that on March 27, 2024, Hyok Duk Shin ("Decedent"), a passenger onboard the *Norwegian Getaway*, died while at the Horseshoe Bay Beach in Bermuda operated by Defendant. [D.E. 30, ¶33]. After the parties appeared at an in-

person hearing ("Hearing") with this Honorable Court on June 3, 2025 [D.E. 33, 34], Plaintiffs filed their Amended Complaint on June 10, 2025, alleging the following claims: General Negligence (Count I), Negligent Failure to Warn (Count II), Negligent Infliction of Emotional Distress (Count III), Negligent Representation (Count IV), Breach of Non-Delegable Duty (Count V), and Death on the High Seas Act, 46 U.S.C. Sec. 30301-30308 (Count VI). As detailed below, in reference to Counts III-V in Plaintiffs' Amended Complaint, Plaintiffs regurgitate the same allegations as the original Complaint that this Honorable Court dismissed without prejudice at the Hearing and all three counts should therefore be dismissed.

## MEMORANDUM OF LAW

### I. This Action is Governed by U.S. Maritime Law

The present action is substantively controlled by United States general maritime law. Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Amended Complaint, Decedent died while visiting Horseshoe Bay Beach during his cruise on the Norwegian *Getaway*. [D.E. 30, ¶23]. Moreover, Plaintiffs agree that "[T]his Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to Article III § 2 of the United States Constitution and 28 U.S.C. § 1333." [D.E. 30, ¶2]. Accordingly, federal maritime law applies to the instant action.

## II. Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss is to "streamline litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). "As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal." *Ray v. Spirit Airlines*, Inc. 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)). To survive a Rule 12(b)(6) challenge, "a claim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fernandez v. Sch. Bd. Of Miami-Dade Cnty.*, 2015 U.S. Dist. LEXIS 172460, *6-7 (S.D. Fla. Dec. 29, 2015) (Gayles, J.) (internal citations omitted); *see also Gayou v. Celebrity Cruises*, Inc., 2012 U.S. Dist. LEXIS 77536, at *6 (S.D. Fla. June 5, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court in *Gayou* noted,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Thus, a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not survive dismissal.

*Id.* (quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III. Plaintiffs Yanli Gong, as an individual, and Kwang Shin's Claims should be dismissed with prejudice

Plaintiffs Yanli Gong, as an individual, and Kwang Shin's claims should be dismissed with prejudice as they have not plead any claims apart from the claims available only to the estate. As noted in NCL's Motion to Dismiss the initial Complaint, Death on the High Seas Act ("DOHSA") is the sole exclusive remedy governing Plaintiffs' claims for wrongful death caused by negligence or other wrongful acts in such circumstances. *See* 46 U.S.C. §30302; *Perricone v. Carnival Corp.*,

No. 15-CIV-20309, 2016 WL 1161214, at *5 (S.D. Fla. Mar. 24, 2016). DOHSA preempts all other wrongful death claims under state law, general maritime law, or foreign law when the death occurs on the high seas beyond three nautical miles from the shore of the United States. Plaintiffs acknowledge that DOSHA applies in this action as they have included a DOSHA claim in their Amended Complaint. Plaintiffs do not dispute that DOHSA is the exclusive remedy. However, a claim for DOHSA can only be brought by the estate. *See* 46 U.S.C. §30302 ("When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible."). Moreover, "where a cause of action exists for wrongful death under DOHSA, no additional action exists under general maritime law for wrongful death caused by negligence." *Blair v. NCL (Bahamas) Ltd.,* 212 F. Supp. 3d 1264, 1268 (S.D. Fla. 2016) *quoting Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir.1982). However, Courts have found exceptions for emotional distress claims. *Blair,* 212 F. Supp. 3d at 1269.

Plaintiffs' initial Complaint included Negligent Infliction of Emotional Distress ("NIED") claims on behalf of Plaintiffs Yanli Gong, as an individual, and Kwang Shin. [D.E. 1 ¶¶ 99-102]. However, this Honorable Court dismissed the claim and allowed Plaintiffs to replead. *See* Transcript of Hearing on NCL's Motion to Dismiss at 4: 2-8 attached hereto as Exhibit A. When Plaintiffs replead the NIED claim in the Amended Complaint, they were brought only on behalf of the Minor Plaintiffs and *not* on behalf of Yanli Gong and Kwang Shin. [D.E. 30 ¶¶ 93-96]. Accordingly, Plaintiffs Yanli Gong and Kwang Shin have not pled a claim in their individual capacity upon which relief can be granted. Therefore, their claims should be dismissed with prejudice.

### IV. Plaintiffs' Negligent Representation (Count V) claim should be dismissed with prejudice.

Plaintiffs' Negligent Representation claim is still defective and should be dismissed. In fact, Plaintiffs' Negligent Representation claim in their Amended Complaint contains the same exact allegations as the Negligent Representation claim in the original Complaint. [D.E. 1; 30]. This Honorable Court noted at the hearing on NCL's Motion to Dismiss the original Complaint that Plaintiffs "need to plead this cause of action with greater particularity than [they] have done…[s]o you'll need to replead this one with greater specificity as required for a negligent misrepresentation" *See* Exhibit A at 26:24 – 27:5. However, Plaintiffs failed to replead with greater specificity as the allegations do not differ from the allegations brought in the original Complaint.[1] Plaintiffs seeking to file an amended complaint must offer a meaningful indication of how the pleading would differ from the original. Absent such a showing, the court is within its discretion to dismiss the complaint with prejudice. *Fosnight v. Jones*, 41 F.4th 916 (2022). This principle is supported by Federal Rule of Civil Procedure 15, which allows amendments but requires that they be substantive and meaningful. Fed. R. of Civ. P. 15. Courts have discretion to dismiss an amended complaint with prejudice if the plaintiff fails to correct the deficiencies identified in the original complaint. *Rintel v. Wathen*, 806 F.Supp. 1467 (1992). This is particularly true when the amended complaint does not add any substantive new allegations or continues to use identical language as the original complaint. *Id.*; *Destfino v. Reiswig*, 630 F.3d 952 (2011)("it is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities'."); *see also Neubronner v. Milken,* 6 F.3d 666, 672 (9th

---

[1] The only difference in Plaintiffs' Amended Complaint is that they no longer allege the nonpecuniary damages sought in their original Complaint but, substantively, the allegations bolstering their Negligence Representation count remain identical. [D.E. 1; 30].

Cir.1993); *Semegen v. Weidner,* 780 F.2d 727, 730–31 (9th Cir.1985). Here, Plaintiffs' negligent misrepresentation claim in the Amended Complaint suffers from the same deficiencies and therefore should be dismissed on these grounds alone.

As noted in NCL's Motion to Dismiss the original Complaint, to state a claim for negligent misrepresentation, a plaintiff must allege: (1) misrepresentation of a material fact; (2) that the representor made the representation without knowledge as to its truth or falsity or under circumstances in which she ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation. *Ceithaml v. Celebrity Cruises, Inc.,* 207 F. Supp. 3d 1345, 1352-53 (S.D. Fla. 2016). As this Honorable Court acknowledged, claims for negligent misrepresentation are subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* Rule 9(b) requires that a complaint set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statement and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). To satisfy Rule 9(b) in a negligent misrepresentation claim, "the Complaint must set forth particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

Here, Plaintiffs allege NCL made an "implication" (which NCL denies). [D.E. 30, ¶ 100(c)]. However, an implication is not a representation and therefore cannot be the basis for a misrepresentation claim. Moreover, Plaintiffs make a general allegation that "NCL's promotional

material and oral representations, which Plaintiffs reviewed, contained misrepresentations of material facts". [D.E. 30, ¶ 100]. Notwithstanding, there is a disconnect between the factual allegations pled in Plaintiffs' Amended Complaint and the alleged misrepresentations. First, there are no allegations whatsoever related to the purported oral misrepresentations made, such as who made them, to whom, when, and what specifically was said or represented. Plaintiffs also fail to plead with any specificity when they and/or Decedent viewed the website and alleged representations prior to having "justifiably relied on the representations made by NCL when Plaintiffs selected the subject excursion and participated in the same." [D.E. 30, ¶ 103]. Under a similar set of facts, courts have held this hardly suffices in meeting the heightened pleading standard. *See Thompson v. Carnival Corporation*, No. 20-22217-CIV, 2020 WL 8224964 (S.D. Fla. Sept. 11, 2020) (finding Plaintiff's "generic reference that she viewed the [website] prior to embarking on a cruise hardly suffices.").

As to the substantive nature of the representations on NCL's website, many of the misrepresentations that Plaintiffs point to are not actionable. For instance, Plaintiffs assert that NCL misrepresented that "NCL would keep guests 'as safe as possible'" and that NCL watched its excursion sites to "ensure its passengers' safety…" [D.E. 30, ¶ 100]. As noted in *Zhang*, "'the general promise of a 'safe, reliable, licensed, excursion' is not actionable.'" *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, 19-20773-CIV, 2019 WL 8895223, at *6 (S.D. Fla. Nov. 15, 2019) *quoting Gibson v. NCL (Bahamas) Ltd.*, 11-24343-CIV, 2012 WL 1952667, at *6 (S.D. Fla. May 30, 2012); *see also Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV, 2009 WL 8659594, at *9 (S.D. Fla. Sept. 14, 2009) (holding a representation that an excursion is "safe," "cannot form the foundation of a negligent-misrepresentation claim.") (*citing Isbell*, 462 F. Supp. 2d at 1237). Not only is this allegation not actionable, but the portion pf NLC's website that

Plaintiffs allege contain these allegations do not contain the allegations. Specifically, Plaintiffs allege the NCL website page entitled "Sail Safe" includes allegations that NCL work closely with the destination partners to keep the guests as safe as possible. [D.E. 30 ¶17] and incorporate a link. Upon viewing the link, the contents of the website do not include anything regarding shore excursion, but rather regards good hygiene practice. To access the website, the Court may simply click on the link within Plaintiff's Amended Complaint, [D.E. 30 ¶17], however for ease of reference, NCL has also attached a .pdf version of its Safety and Security Information section, which are attached herein as Exhibit B.  Accordingly, Plaintiffs have not specified the location of the website that they purport NCL made the representations. Plaintiffs also allege NCL misrepresented that the subject excursion was "easy," but has not pled any facts that the excursion was not easy. [D.E. 30, ¶100]. Due to Plaintiffs' failure to sufficiently re-plead their allegations in Count IV with adequate factual support to their claim, Plaintiffs' Negligent Representation claim should be dismissed with prejudice.

### V. Plaintiffs' Breach of Non-Delegable Duty (Count V) Should be Dismissed with Prejudice.

During the hearing on NCL's Motion to Dismiss the original Complaint, this Honorable Court ordered Plaintiffs to replead their Breach of Non-Delegable Duty claims as the Court was "at a loss as to what this cause of action [] is based on." *See* Exhibit A at 30:9-21]. However, as in their negligent representation claims, Plaintiffs' non-delegable duty claims contain the same insufficient allegations as in the original Complaint. Accordingly, Plaintiffs' Non-Delegable Duty claim should be dismissed with prejudice. *Fosnight v. Jones*, 41 F.4th 916 (2022); *Rintel v. Wathen*, 806 F.Supp. 1467 (1992); *Destfino v. Reiswig*, 630 F.3d 952 (2011)("it is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities'."); *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993); *Semegen v.*

*Weidner,* 780 F.2d 727, 730–31 (9th Cir.1985). Here, Plaintiffs' Breach of Non-Delegable Duty (Count V) regurgitates the same allegations as the original Complaint, verbatim.

Specifically, Plaintiffs continue contend that NCL contractually offered to provide a shore excursion to Plaintiffs and Decedent and thus, NCL owed them a "non-delegable contractual duty to provide them with a reasonably safe excursion." [D.E. 30, ¶108]. First, as noted in NCL's Motion to Dismiss the original Complaint and NCL's counsel during the hearing on the same, **Plaintiffs do not identify any actual contractual language that confers such an obligation.** Plaintiffs reference an excursion ticket contract, however their reliance on the excursion ticket contract is disingenuous as they do not allege they (or Decedent) purchased the shore excursion tickets anywhere in the Amended Complaint. [D.E. 30, ¶108]. Moreover, Plaintiffs' and Decedent's Passenger Ticket Contract explicitly *denies* that NCL has a contractual duty to provide passengers with a "reasonably safe excursion."[2] [D.E. 15-1 at ¶9(a)] ("The Guest recognizes and agrees that, if and when the Carrier makes arrangements for…ground transfers, shore excursions…the Carrier does so solely for the convenience of the Guest, the Carrier does not act on behalf of or supervise the parties or persons who own, furnish, or operate such conveyances, services or facilities, and the same are provided by independent contractors who work directly for the Guest and Guest is

---

[2] As Plaintiffs specifically refer to the Ticket Contract in their Amended Complaint the Court can and *should consider the entirety of the Ticket Contract*, not just the portions that Plaintiff selected to include. [D.E. 30, ¶¶14, 21)]; see *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Gayou v. Celebrity Cruises, Inc.*, 11-23359-CIV, 2012 WL 2049431, at *9 (S.D. Fla. June 5, 2012); *Oklahoma Firefighters*, 2015 WL 1775221, at *14; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir.2012); *In re NVIDIA Corp. Sec. Litig.,* 768 F.3d 1046, 1058 n. 10 (9th Cir.2014). Moreover, NCL's Ticket Contract is controlling as it plainly contradicts Plaintiffs' allegations and is incorporated into the Complaint. *Brothers v. STVT-AAI Educ., Inc.*, 7:19-CV-19-BO, 2019 WL 3987752, at *2 (E.D.N.C. Aug. 22, 2019) ("In the event of a conflict between the allegations in the complaint and an incorporated external document, the external document controls.") (*citing Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991).

subject to such terms, if any, appearing in the tickets, vouchers or notices of such party or parties. Therefore, the Guest agrees that the Carrier assumes no responsibility for, nor guarantees the performance of, any such person, party, contractor, service or facility, and that the Carrier shall not be liable for losses or injuries arising from the acts or omissions of such person, party, contractor, service or facility.").

As detailed in NCL's Motion to Dismiss the initial Complaint, in *Doria*, the Court dismissed the plaintiff's breach of duty claim with prejudice, finding Royal Caribbean did not have a non-delegable duty to the plaintiff regarding shore excursions. *See Doria*, 1:19-CV-20179-KMW, 2019 WL 13151601, at *7. The plaintiff in *Doria* made the same allegation as Plaintiffs here that Royal Caribbean breached a duty to provide a reasonably safe excursion. *Id.* ("Doria alleges that Royal Caribbean had fiduciary duties such as selecting and offering safe excursions to passengers .... "). In dismissing the claim, the Court held that "[a]ssigning to Royal Caribbean a fiduciary duty to its passengers would ascribe a heightened standard of care beyond the well-established reasonable care under the circumstances." *Id.*

"[P]ermitting Plaintiff to proceed on her claims ... would impermissibly expand Carnival's duties to its passengers and render it an insurer of its passengers' safety." *Joseph v. Carnival Corp.,* No. 11-20221-CIV, 2011 WL 3022555, at *3 (S.D. Fla. July 22, 2011). However, it is well settled that shipowners are not the all-purpose insurers of their passengers' safety. *See Meyer v. Carnival Corp.*, 2013 WL 12061857, *2 (S.D. Fla. Sep. 3, 2013) ("[A] cruise ship is not the insurer of the safety of its passengers, when they undertake excursions operated by independent third parties. And merely because an accident occurs, a carrier does not become liable to a passenger."). Consequently, Count V should be dismissed with prejudice.

**WHEREFORE**, Defendant, NCL, respectfully requests this Honorable Court enter an Order dismissing Plaintiffs' Complaint in its entirety, and for all other relief this Court deems just and proper.

Dated: July 1, 2025
       Miami, Florida

                                                        Respectfully submitted,
                                                        **FOREMAN FRIEDMAN, P.A.**

                                                        BY: */s/ Noah D. Silverman*
                                                        Noah D. Silverman, Esq. (FBN 401277)
                                                        nsilverman@fflegal.com
                                                        Jeffrey E. Foreman, Esq. (FBN 0240310)
                                                        jforeman@fflegal.com
                                                        Leonardo Viola, Esq. (FBN 1055128)
                                                        lviola@fflegal.com
                                                        Cecile von Batemberg, Esq. (FBN 123769)
                                                        cvbatemberg@fflegal.com
                                                        Foreman Friedman, P.A.
                                                        One Biscayne Tower, Suite 2630
                                                        2 South Biscayne Boulevard
                                                        Miami, Florida 33131
                                                        Tel: (305) 358-6555
                                                        Fax: (305) 374-9077
                                                        *Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on July 1, 2025. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                           By: */s/ Noah D. Silverman*
                                                                                  Noah D. Silverman, Esq.

**SERVICE LIST**

| | |
|---|---|
| Frank D. Butler, Esq.<br>fdblawfirm@aol.com<br>Jana Ranieri Cortina, Esq.<br>JCortina@fightingforfamilies.com<br>Frank D. Butler, P.A.<br>10550 US Highway 19 North<br>Pinellas Park, Florida 33782<br>Tel: 727-399-2222/ Fax: 727-399-2202<br>*Attorneys for Plaintiffs* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>dchacon@fflegal.com<br>Leonardo Viola, Esq.<br>lviola@fflegal.com<br>Cecile von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>bgotayfuentes@fflegal.com<br>Foreman Friedman, P.A.<br>One Biscayne Tower, Suite 2630<br>2 South Biscayne Boulevard<br>Miami, FL  33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant* |