UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21385-CIV-ALTONAGA

**YANLI GONG**, *et al.*,

    Plaintiffs,
v.

**NCL (BAHAMAS), LTD.**,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant, NCL (Bahamas), Ltd.'s Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 35], filed on July 1, 2025. Plaintiffs, Yanli Gong ("Ms. Gong") and Kwang Shin ("Ms. Shin") filed a Response [ECF No. 36]; to which Defendant filed a Reply [ECF No. 37]. The Court has reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.

### I. BACKGROUND

This maritime wrongful-death action arises from the death of Hyon Duk Shin ("Mr. Shin"), who drowned while visiting Horseshoe Bay Beach in Bermuda during a cruise aboard the *Norwegian Getaway* — a vessel owned, operated, and controlled by Defendant. (*See* Am. Compl. [ECF No. 30] ¶¶ 12–13, 23–42). Mr. Shin's wife, Ms. Gong, brings this action individually; as personal representative of Mr. Shin's estate; and as parent and natural guardian of their two minor children, M.S. and C.S (the "Minor Plaintiffs"). (*See id.* ¶¶ 3–5). Mr. Shin's mother, Ms. Shin, also asserts claims in her individual capacity. (*See id.* ¶ 6).

Plaintiffs allege that Defendant promotes its shore excursions — optional off-ship activities coordinated by the cruise line — as preferable to venturing out independently; and specifically

marketed the Horseshoe Bay Beach excursion as a safe, easy, and controlled experience. (*See id.* ¶¶ 14–22). As part of that marketing, Defendant described the excursion as suitable for swimming, labeled it "Easy," and rated it a "1" on a three-point difficulty scale. (*Id.* ¶ 20). Defendant further assured passengers that the excursion was operated by reliable, insured providers — part of a broader effort to present its sponsored outings as vetted, low-risk options. (*See id.* ¶¶ 14, 16–18).

Despite this messaging, Defendant allegedly failed to disclose known, recurring hazards at Horseshoe Bay Beach, including dangerous rip currents and the absence of lifeguards, even though it had actual or constructive knowledge of these risks. (*See id.* ¶¶ 21–22, 43–77). Plaintiffs assert they relied on Defendant's representations — made in cruise materials, on its website, and through staff — in deciding to visit Horseshoe Bay Beach. (*See id.* ¶ 21).

According to the Amended Complaint, when Plaintiffs arrived at Horseshoe Bay Beach, "the water looked calm and inviting," disguising dangerous rip currents that were hard to detect from the shore. (*Id.* ¶ 29). While Ms. Shin and Ms. Gong sunbathed, the Minor Plaintiffs emerged from the water, crying that Mr. Shin "had gone to save a girl" caught in the current. (*Id.* ¶ 32). Mr. Shin managed to rescue the girl — but was later found unconscious, drowning at the back of Horseshoe Bay Beach. (*See id.* ¶¶ 33–34). Plaintiffs yelled for help, but no lifeguards were on duty. (*See id.* ¶ 35).

Eventually, a local woman volunteered to swim out and rescue Mr. Shin. (*See id.* ¶ 36). Despite her rescue, Mr. Shin could not be revived. (*See id.* ¶¶ 37, 40).

Plaintiffs assert six claims against Defendant: general negligence ("Count I"); negligent failure to warn ("Count II"); negligent infliction of emotional distress ("Count III"); negligent misrepresentation ("Count IV"); breach of non-delegable duty ("Count V"); and wrongful death under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. sections 30, 301–30, 308 ("Count

VI"). (*See id.* ¶¶ 43–126). Defendant moves to dismiss Ms. Gong and Ms. Shin's individual claims, as well as Counts IV and V, for failure to state claims for relief. (*See* Mot. 1–2).[1]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint "in a light most favorable to the plaintiff" and take its factual allegations as true. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

## III.  DISCUSSION

Defendant contends the individual claims asserted by Ms. Gong and Ms. Shin should be dismissed with prejudice, as neither has alleged any claim separate from those available solely to the Estate.  (*See* Mot. 3–4; *see also* Reply 1–3).  Defendant also argues that Plaintiffs have failed to cure the deficiencies in Counts IV and V that the Court identified at a June 3, 2025 hearing (Min. Entry [ECF No. 23]) addressing Plaintiffs' initial Complaint [ECF No. 1].  (*See* Mot. 5–10; *see also* Reply 4–8).  Plaintiffs, unsurprisingly, see things differently.  (*See generally* Resp.).  On this record, Defendant has the better argument.

### A.  Ms. Gong and Ms. Shin's Individual Claims

The parties agree that this case is governed by the DOHSA, and both sides frame their arguments around that statute's legal framework.  (*See* Am. Compl. ¶¶ 43–126; Mot. 4).  The DOHSA creates a federal cause of action for deaths "caused by wrongful act, neglect, or default occurring on the high seas beyond three nautical miles from the shore of the United States[.]"  46 U.S.C. § 30302 (alteration added).  Where the DOHSA applies, its reach is exclusive: "it preempts all other forms of wrongful death claims under State or general maritime law."  *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citations omitted).

Defendant is correct that Ms. Shin and Ms. Gong cannot pursue individual claims under the DOHSA, which permits only "the personal representative of the decedent" to bring suit.  (*See* Mot. 4 (citing 46 U.S.C. § 30302)).  Plaintiffs nevertheless insist that the "DOHSA does not preclude a claim for negligent infliction of emotional distress asserted on behalf of the survivors."  (Resp. 2 (citing *Blair v. NCL (Bahamas) Ltd.*, 212 F. Supp. 3d 1264, 1268 (S.D. Fla. 2016); other citations omitted)).  That may be true — and Defendant does not dispute the premise — but it is

4

beside the point.[2] Plaintiffs assert a negligent-infliction-of-emotional-distress claim only on behalf of the Minor Plaintiffs. (*See* Am. Compl. ¶¶ 93–96). Neither Ms. Shin nor Ms. Gong brings such a claim individually, and the DOHSA bars any other personal recovery. Their claims must therefore be dismissed.

### B. Count IV (Negligent Misrepresentation)[3]

In Count IV, Plaintiffs allege that Defendant made false or misleading statements about the safety and difficulty of its Horseshoe Bay Beach excursion. (*See* Am. Compl. ¶¶ 98–102). Plaintiffs offer nothing new; these allegations are identical to those the Court previously deemed insufficient. (*See* June 3, 2025 Hearing Tr. [ECF No. 34] 24:11, 26:24–27:05, 28:22–29:04; *compare* Compl. ¶¶ 104–11, *with* Am. Compl. ¶¶ 98–105).

> To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of a material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement.

*Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010) (citation omitted). Because negligent misrepresentation "sounds in fraud[,]" such a claim must also satisfy Federal Rule of Civil Procedure 9(b). *Linville v. Ginn Real Est. Co., LLC*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) (alteration added; citation and quotation marks omitted). Rule 9(b) demands that plaintiffs "state with particularity the circumstances constituting fraud or mistake."

---

[2] Plaintiffs devote much of their Response to defending the Minor Plaintiffs' negligent-infliction-of-emotional-distress claim. (*See* Resp. 3–4). But Defendant, so far as the Court can discern, never challenges that claim in the first place. (*See generally* Mot.; *see also* Reply 1–3).

[3] Plaintiffs label Count IV, "negligent representation." The Court understands this to mean negligent misrepresentation, which is the recognized cause of action under Florida law. Because the parties did not litigate choice of law, the Court presumes the substantive law of the forum, Florida, controls. *See Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989).

*Id.* That means alleging:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation and quotation marks omitted). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation and quotation marks omitted).

At the June 3, 2025 hearing, the Court dismissed the negligent misrepresentation claim and instructed Plaintiffs to replead it with "more particularity," including the "details that Rule 9(b) requires." (June 3, 2025 Hearing Tr. 28:22, 29:04). Plaintiffs assured the Court they would "fill . . . in" the missing details. (*Id.* 29:05 (alteration added)). Rather than supplement the claim, Plaintiffs merely recycled it. The Amended Complaint repeats the same allegations, nearly verbatim, that appeared in the first pleading. (*Compare* Compl. ¶¶ 104–11, *with* Am. Compl. ¶¶ 98–105). The claim thus remains unchanged and is still deficient.

Consequently, Count IV is dismissed without prejudice, but without leave to amend given the deadline to amend pleadings has long since passed. (*See* Scheduling Order [ECF No. 14] 1).

### C. Count V (Breach of Non-Delegable Duty)

Count V fails for a similar reason: nothing has changed between the initial Complaint and the Amended Complaint. Plaintiff alleges that "[b]y making representations, promoting, vouching for, contracting for and profiting from the excursion ticket contract, [Defendant] owed Plaintiffs the non-delegable contract duty to provide them with a reasonably safe excursion." (Am. Compl.

¶ 108 (alterations added)). As Defendant correctly points out, this count merely "regurgitates the same allegations as the original Complaint" (Mot. 9) — allegations the Court previously found lacking (*see* June 3, 2025 Hearing Tr. 29:06–30:21).

At the June 3, 2025 hearing, the Court emphasized that it was "at a loss" as to the legal basis of Plaintiffs' non-delegable duty theory. (*Id.* 30:20–30:21). Plaintiffs, despite representing to the Court that they would "plead [Count V] with more specificity[,]" chose to include the same allegations as appeared before. (*Id.* 30:09–30:10 (alterations added); *compare* Compl. ¶¶ 113–16, *with* Am. Compl. ¶¶ 107–10). Therefore, Count V is dismissed without prejudice but without leave to amend.

## IV. CONCLUSION

For these reasons, it is

**ORDERED AND ADJUDGED** that Defendant, NCL (Bahamas), Ltd.'s Motion to Dismiss Plaintiffs' Amended Complaint **[ECF No. 35]** is **GRANTED**. The claims brought by Ms. Gong and Ms. Shin in their individual capacities, as well as Counts IV and V of the Amended Complaint [ECF No. 30], are **DISMISSED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of July, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record